## Richmond

MOTORS INSURANCE CORPORATION v. UNITED STATES FIRE INSURANCE COMPANY.

April 22, 1968.

Record No. 6565.

Present, Eggleston, C.J., Buchanan, I'Anson, Carrico, Gordon and Harrison, JJ.

*David C. Dorset (Wallerstein, Goode, Adamson & Dobbins*, on brief), for plaintiff in error.

*Edward A. Marks, Jr. (Sands, Anderson, Marks and Clarke*, on brief), for defendant in error.

EGGLESTON, C.J., delivered the opinion of the court.

Motors Insurance Corporation filed in the court below a motion for declaratory judgment against United States Fire Insurance Company, Robert B. Gayle, administrator of the estate of Marion Waterhouse, deceased, and Armistead E. Meacham. It alleged that on September 9, 1962, a 1962 Chevrolet automobile owned by Meacham and driven by Waterhouse ran off the road and was damaged to such

an extent that it was a total loss; that at the time of the accident there was in full force and effect a policy of insurance issued by United States Fire Insurance to Waterhouse, under which that company agreed to pay for loss caused by collision to any vehicle driven by the insured, Waterhouse, whether owned by him or by another.

It was also alleged that at that time Motors Insurance had in full force and effect a policy of insurance issued to General Motors Acceptance Corporation, as a lienholder on the 1962 Chevrolet automobile, under the terms of which Motors Insurance agreed to pay, among other things, for loss by collision to the lienholder's interest therein, but only after the owner of the automobile (Meacham) had defaulted in the payments due the lienholder under a conditional sales contract dated August 6, 1962, and lienholder had repossessed the automobile; and that subsequent to September 9, 1962 Meacham had defaulted in the payments on the conditional sales contract and General Motors Acceptance had repossessed the automobile on November 14, 1962.

It was further alleged that as a result of the accident the automobile had been badly damaged; that pursuant to its policy, Motors Insurance had paid General Motors Acceptance the sum of $1,508.23, the difference between the amount of its lien on and the salvage value of the car; that United States Fire Insurance was obligated, under the provisions of its policy issued to Waterhouse, to pay such sum to General Motors Acceptance; that Motors Insurance was the assignee of and subrogated to the right of General Motors Acceptance and was entitled to collect such sum from United States Fire Insurance, but that the latter had refused to make such payment.

It was also alleged that Waterhouse died on September 9, 1962 as the result of the accident and that Gayle had qualified as administrator of his estate. The prayer of the motion was that the court declare that Motors Insurance was entitled to a judgment against United States Fire Insurance in the sum of $1,508.23, and that it enter judgment therefor.

United States Fire Insurance demurred to the motion on the ground that it failed to state any case against it for either declaratory or other relief. The defendants Gayle, administrator, and Meacham filed separate demurrers alleging that the motion failed to state any case against either of them. The lower court entered an order sustaining the demurrers. Since, it said, the motion sought no relief against either Gayle or Meacham it should be dismissed as to them. The order directed that Motors Insurance file an amended motion, attach-

ing thereto copies of the two insurance policies, and alleging whether it would proceed by way of motion for declaratory judgment or by an "ordinary motion for judgment for damages."

Motors Insurance filed an amended motion for declaratory judgment, naming only United States Fire Insurance Company as defendant. The amended motion repeated the allegations of the original motion as to the accident, the issuance of the two policies, and the repossession of the automobile by General Motors Acceptance because of the default in the deferred payments. It alleged that under the terms of the policy issued by United States Fire Insurance to Waterhouse that company had agreed to pay "for loss caused by collision to the owned automobile or to a non-owned automobile" while being driven by Waterhouse. It was also alleged that General Motors Acceptance was a third party beneficiary of United States Fire Insurance Company's policy and that since Motors Insurance had paid General Motors Acceptance the sum of $1,508.23, and General Motors Acceptance had assigned its right to Motors Insurance, the latter was entitled to recover that amount of United States Fire Insurance.

United States Fire Insurance filed a demurrer to the amended motion asserting that it failed to state any facts, "as opposed to conclusions," showing any legal right of Motors Insurance or of General Motors Acceptance, through which Motors Insurance claimed, to recover any sum from it, United States Fire Insurance, or establishing that Motors Insurance is, in fact, a third party beneficiary of the insurance contract issued by United States Fire Insurance to Waterhouse.

The lower court entered a final order sustaining the demurrer and dismissing the amended motion for judgment on the ground that, "as a matter of law," Motors Insurance had no standing to recover on the contract of insurance issued by United States Fire Insurance to Waterhouse, because Motors Insurance was not in privity with Waterhouse or a third party beneficiary to the contract of insurance issued to him or was "otherwise entitled to sue thereon." From this order Motors Insurance has appealed claiming that such holding is contrary to the law and the evidence. Gayle, administrator of the estate of Waterhouse, and Meacham have been dismissed as parties and are not concerned in this appeal.

The gist of the claim of Motors Insurance against United States Fire Insurance is that the policy issued by the latter was for the benefit of General Motors Acceptance, the holder of the lien on the Meacham

car, as well as for the benefit of Waterhouse the named insured, the driver of the car, and Meacham its owner; that since it, Motors Insurance, has paid and satisfied the claim of General Motors Acceptance it is entitled by subrogation to reimbursement from United States Fire Insurance. In short, Motors Insurance says, it has paid a claim for which United States Fire Insurance was primarily liable and to whom it may now look for reimbursement.

[1] The allegation that the policy of United States Fire Insurance was for the benefit of General Motors Acceptance is an allegation of a conclusion of law, the correctness of which is not admitted by the demurrer.* Whether General Motors Acceptance is such a beneficiary of course depends on the terms of the policy issued by United States Fire Insurance. A reading of that policy negates the claim of Motors Insurance.

[2] The policy of United States Fire Insurance was issued to Marion Waterhouse, the named insured, on January 18, 1962, for the period of one year. It contains the usual liability insurance provisions with respect to his ownership and operation of a 1956 Chevrolet sedan. The policy also carries the usual provisions protecting the named insured in the operation of automobiles not owned by him. Among these is one by which the company agreed "[t]o pay for loss caused by collision * * * to a non-owned automobile."

With respect to "Payment of Loss" the policy provides that, "The company may pay for the loss in money; or may repair or replace the damaged or stolen property; * * * . The company may settle any claim for loss either with the insured or the owner of the property." Under this provision both Waterhouse and Meacham were beneficiaries under the policy. But there is no provision or language in the policy indicating that the interest of General Motors Acceptance, the holder of the lien on the Meacham car, is protected, or that settlement for collision damage to the car may be made with General Motors Acceptance.

The omission of such a provision in the policy issued by United States Fire Insurance becomes apparent when the terms of that policy are compared with those in the policy issued by Motors Insurance. This latter policy was issued to General Motors Acceptance, as the named insured, for a period of three years. It covers a 1962 Chevrolet four-door sedan which was being purchased by Armistead E. Meacham and insures General Motors Acceptance against "collision

---

* *Hoffman* v. *First Nat'l Bank of Boston*, 205 Va. 232, 236, 135 S. E. 2d 818, 821, and cases there cited.

damage" to the car to the extent of the unpaid balance of the purchase price. A stipulated condition precedent to liability is that "the Purchaser or Borrower has defaulted in payment" and the named insured "has repossessed the automobile."

Motors Insurance argues that the policy issued by United States Fire Insurance is "silent as to the identity of the party to whom the payment is to be made;" that Waterhouse has no claim for reimbursement, and that, therefore, the parties intended to be protected are Meacham, the owner of the vehicle, and General Motors Acceptance, the lienor thereon. The ready answer to that contention is that the policy is not silent as to the identity of the party to whom payment is to be made, but, on the contrary, specifically provides that settlement may be made with the named insured, Waterhouse, or the owner of the car, Meacham.

Nor do we agree with the argument of Motors Insurance that it has paid to General Motors Acceptance a claim for which United States Fire Insurance was primarily liable. Under its policy United States Fire Insurance insured Waterhouse, the driver of the vehicle, and Meacham, the owner, against collision damage while the vehicle was being driven by Waterhouse. Motors Insurance claims through neither of these beneficiaries, for there is no allegation that it has paid anything to either.

On the other hand, under its policy Motors Insurance insured the single interest of General Motors Acceptance, the holder of the lien on the Meacham vehicle. Under the allegations of the motion and under the terms of its policy the liability of Motors Insurance to General Motors Acceptance accrued when the latter repossessed the vehicle on November 14, 1962. When that event occurred Motors Insurance became obligated to pay General Motors Acceptance the collision damage to the car to the extent of the unpaid balance of the purchase price. That was a direct and primary liability which Motors Insurance had assumed and for which it received a paid premium. Having satisfied this direct and primary liability, Motors Insurance is in no position to call upon United States Fire Insurance for reimbursement.

The judgment is

*Affirmed,*