## Richmond

JOHN H. BOBBITT v. THE SHELBY MUTUAL INSURANCE COMPANY
OF SHELBY, OHIO.

June 10, 1968.

Record No. 6724.

Present, All the Justices.

*Raymond H. Suttle* (*R. Gordon Scott; Jones, Blechman, Woltz & Kelly*, on brief), for plaintiff in error.

*Daniel W. Wilkinson, Jr.* (*Ford, West & Wilkinson*, on brief), for defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The question for decision in this case is whether an automobile collision insurance carrier, which has paid a loss sustained by its insured and caused by the negligence of an uninsured motorist, can recover the amount so paid from its insured's automobile liability insurance carrier under the uninsured motorist endorsement in the latter's policy.

In 1963, John H. Bobbitt was involved in an automobile accident with Jimmie Lee Rodwell, an uninsured motorist. Motors Insurance

Corporation (Motors Insurance), which had issued to Bobbitt a policy of automobile collision insurance, paid the cost of repairs to Bobbitt's vehicle, less $100, the amount deductible by the terms of the policy.

Bobbitt brought an action against Rodwell to recover damages for his property loss, and served process on Shelby Mutual Insurance Company of Shelby, Ohio (Shelby Mutual), as provided by Code § 38.1-381 (e) (1), the Uninsured Motorist Act. Shelby Mutual had issued to Bobbitt a policy of automobile liability insurance with an uninsured motorist endorsement. Following a trial, on January 12, 1965, judgment was entered for Bobbitt against Rodwell in the amount of $1039.70, the amount for which Bobbitt had sued.

Thereafter, Bobbitt, on behalf of Motors Insurance,[1] brought this action against Shelby Mutual, alleging the uninsured motorist endorsement in the Shelby Mutual policy and seeking to recover the amount of Bobbitt's unpaid judgment against Rodwell. Shelby Mutual filed its answer denying liability to Bobbitt because of a provision of its policy that the property damage coverage therein applied as "only excess insurance over any other valid and collectible insurance of any kind," and alleging that Bobbitt did possess such other insurance, issued to him by Motors Insurance.

The case was submitted to the court on a stipulation of facts, in substance as stated above, with the stipulation, as stated, that the real plaintiff in interest was Motors Insurance by virtue of its payment to Bobbitt under its collision policy issued to him, and that if plaintiff be entitled to judgment, the sum should be $839.70, the full amount of the judgment against Rodwell, less $200, deductible under the property damage provision of the uninsured motorist endorsement, as permitted by Code § 38.1-381 (b).

The court found in favor of defendant Shelby Mutual and entered judgment accordingly. Bobbitt was granted a writ of error. Neither of the insurance policies involved is in the record.

Appellant Bobbitt contends that since Motors Insurance has paid the amount of his loss caused by Rodwell's negligence, it stands in his (Bobbitt's) shoes under general principles of subrogation, and can

---

[1] Code § 38.1-31.2 provides: "When any insurance company makes payment to an assured under any contract of insurance, which contract of insurance provides that the company becomes subrogated to the rights of the assured against any other party or parties, such company may enforce, in its own name or in the name of the assured or his personal representative, the legal liability of such other party."

recover from Shelby Mutual by the terms of the Uninsured Motorist Act, Code § 38.1-381 (b)—(h).

As a general rule, an insurer of an automobile against collision, which pays to its insured the amount of his damage, is subrogated to its insured's right of action against third persons who may be responsible for the loss. 46 C.J.S., Insurance, § 1209, p. 157; 7 Am. Jur.2d, Automobile Insurance, § 204, p. 547.

However, as this court stated in *Horne v. Insurance Company*, 203 Va. 282, 285, 123 S.E.2d 401, 404:

> " * * It is not the purpose of the uninsured motorist law to provide coverage for the uninsured vehicle, but its object is to afford the insured additional protection in event of an accident. Here, [the uninsured motorist carrier] does not stand in the shoes of * * the uninsured motorist. Its policy does not insure [the uninsured motorist] against liability. It insures [the insured] * * against inadequate compensation." See also *General Accident v. Aetna*, 208 Va. 467, 473-74, 158 S.E.2d 750, 754, and cases there cited.

The uninsured motorist Rodwell is the person responsible for the loss, and Shelby Mutual does not stand in his shoes.

By contract Bobbitt obtained the coverage provided by both Motors Insurance and Shelby Mutual. Motors Insurance paid his loss according to its contract. It now seeks to shift the burden of that loss to another of his insurers.

Appellant argues that Shelby Mutual must pay the property damage loss caused by the uninsured motorist because of the provision of Code § 38.1-381 (b)[2] that an automobile liability policy shall contain an endorsement "undertaking to pay the insured all sums

---

[2] In 1963, when the accident occurred, Code § 38.1-381 (b) provided: "Nor shall any such policy or contract [of automobile liability insurance] be so issued or delivered unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of § 46.1-1 (8), as amended from time to time, of the Code herein. Such endorsement or provisions shall also provide for no less than five thousand dollars coverage for injury to or destruction of the property of the insured in any one accident but may provide an exclusion of the first two hundred dollars of such loss or damage."

Code § 38.1-381 (b) has since been amended, but in no respect material to the issue in the present case or to the appellant's contention.

which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle"; that since Shelby Mutual must pay all sums which Bobbitt shall be legally entitled to recover from Rodwell and since that amount has been determined, Motors Insurance, standing in Bobbitt's place, can collect from Shelby Mutual.

Subsection (b) of § 38.1-381 required the uninsured motorist carrier to pay to the *insured* all sums which he shall be entitled to recover from the uninsured motorist. Subsection (c) defined "insured" to mean "the named insured and, while resident of the same household, the spouse of any such named insured, and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above * *." Plainly, an insurer of the named insured was not defined as an "insured" and hence plaintiff must find reason elsewhere to be entitled to benefit from the requirement of Code § 38.1-381 (b).

Appellant relies on a claimed right of subrogation and urges that only subsection (h) of the Uninsured Motorist Act, as interpreted by this court in *Horne v. Insurance Company, supra*, 203 Va. 282, 123 S.E.2d 401, limits the right of subrogation under the Act.

In *Horne* it was held that in the absence of a statutory provision giving the employer or its workmen's compensation carrier a right of subrogation against the insurer of an employee under the uninsured motorist provision of a liability policy, such a right did not exist, and that neither Code § 65-38 [part of the Workmen's Compensation Act] nor Code § 38.1-381 (h) gave such a right of subrogation.

This court recently repeated in *General Accident v. Aetna, supra*, 208 Va. at 473, 158 S.E.2d at 754, quoting from *U.S.F. & G. v. Byrum*, 206 Va. 815, 818, 146 S.E.2d 246, 248, that subsection (f) of § 38.1-381 "is the only provision in the uninsured motorist law which permits subrogation."

Subsection (f) provided in part:

"Any insurer paying a claim under the endorsement or provisions required by paragraph (b) of this section shall be subrogated to the rights of the insured to whom such claim was paid against

the person causing such injury, death or damage to the extent that payment was made * *."[3]

In *General Accident* v. *Aetna, supra,* General Accident, the injured person's uninsured motorist carrier, defended the "uninsured motorist," to whom Aetna had allegedly issued an automobile liability policy, but for whom Aetna denied coverage, and paid the judgment the injured person recovered against the uninsured motorist. General Accident then sought to recover from Aetna the cost of the defense and the amount of the judgment paid, contending that it (General Accident) was subrogated to the right of its insured not only against the uninsured motorist but also against the uninsured motorist's alleged insurer.

In affirming the trial court's sustaining of Aetna's demurrer, we recognized that Code § 38.1-380 (2) gives an injured person, having an unsatisfied judgment against a tort-feasor, the right to bring an action against the tort-feasor's insurer, and recognized that Code § 38.1-381 (f) gives the injured person's uninsured motorist carrier the right to bring an action against the tort-feasor, but we held that General Accident, the uninsured motorist carrier, was neither subrogated to its insured's right under Code § 38.1-380 (2) nor could it proceed under Code § 38.1-381 (f) against the tort-feasor's alleged insurer because its right of subrogation was specifically limited to the right given in the subsection. 208 Va. at 474, 158 S.E.2d at 755.

No provision of the Uninsured Motorist Act specifically gives a collision carrier a right of subrogation against its insured's uninsured motorist carrier, and nothing in the Uninsured Motorist Act indicates that the legislature intended subrogation in such a situation.

The same issue now before this court was before the Supreme Court of South Carolina in *Motors Insurance Corp.* v. *Surety Insurance Co.,* (S. C.), 134 S.E.2d 631. The court found that neither the South Carolina Uninsured Motorist Act nor equitable principles gave the collision carrier the right to be indemnified by the uninsured motorist carrier, and said:

---

[3] In 1968 the General Assembly amended Code § 38.1-381 (f) in part by adding the italicized words as indicated:

"(f) Any insurer paying a claim under the endorsement or provisions required by paragraph (b) of this section shall be subrogated to the rights of the insured to whom such claim was paid against the person causing such injury, death or damage *and such person's insurer, notwithstanding that it may deny coverage for any reason,* to the extent that payment was made * *." Acts 1968, ch. 721 at p. 1266.

This amendment does not, however, affect the decision in this case.

"[The collision carrier] is voluntarily engaged in the business of writing collision insurance on automobiles, for which it receives compensation by the collection of premiums from its policyholders. A covered loss occurred and [the collision carrier] has discharged its contractual obligation by payment to its insured. Having paid what it contracted to pay and retaining the benefits of its contract, it now seeks indemnity from another insurance company which did not cause or contribute to the loss and with which it has no privity of contract." 134 S.E.2d at 632.

So here, Motors Insurance having paid a claim for a risk which it had assumed and having been paid a premium to assume such risk, has not shown itself entitled, either under the Virginia Uninsured Motorist Act or under equitable principles of subrogation, to have its loss reimbursed by Shelby Mutual. *Cf. Motors Insurance Corp. v. United States Fire Insurance Co.*, 208 Va. 684, 160 S.E.2d 754.

Having so decided, we need not consider whether the clause in the Shelby Mutual policy, providing that its policy shall apply only as excess insurance over other collectible insurance, is in conflict with § 38.1-381 (b) of the Code. *Cf. American Motorists Ins. Co. v. Kaplan*, decided today.

The judgment of the trial court is affirmed.

*Affirmed.*